# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-cv-00509-FDW

| | |
|---|---|
| BRADFORD A. RIGGS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **ORDER**<br>) |
| FLING IRRIGATION, INC., MICHAEL D. FLING, and CHRISTOPHER M. BECK, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court upon Plaintiff's Motion to Remand this case to North Carolina state court (Doc. No. 4). Defendants have responded to Plaintiff's Motion, Plaintiff has in turn replied, and the matter is now ripe for review. For the following reasons, Plaintiff's Motion is DENIED.

## BACKGROUND

On October 23, 2007, Plaintiff commenced this lawsuit in Mecklenburg County Superior Court by filing an Application and Order to Extend Time to File Complaint ("Application and Order") pursuant to North Carolina Rule of Civil Procedure 3(a). The Mecklenburg County Clerk of Superior Court subsequently issued a Summons against each Defendant and entered an Order authorizing Plaintiff to file his Complaint within twenty days. On October 24, 2007, Plaintiff filed an Amended Application and Order to Extend Time to File Complaint ("Amended Application and Order") in order to add a claim for violations of South Carolina Wage and Hour law, which the Clerk of Superior Court allowed. Both the Application and Order and the Amended Application and Order

(collectively "Applications and Orders") included the following language:

> The nature and purpose of this action is to recover damages for Defendants' wrongful termination of Plaintiff's employment, retaliation against Plaintiff for filing a workers' compensation claim, and violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq., in failing for at least the past three years to pay Plaintiff wages and overtime compensation to which he is entitled.

Defendant Fling Irrigation, Inc., was served with the Summons issued against it and with the Applications and Orders on October 25, 2007. Defendants Michael Fling and Christopher Beck were served with the Summonses issued against them and the Applications and Orders on October 29, 2007. On October 30, 2007, Plaintiff filed his Complaint in Mecklenburg County Superior Court. The Complaint was served upon Defendant Fling Irrigation on November 5, 2007, and on Defendants Fling and Beck on November 6, 2007. Defendants filed their Notice of Removal on December 4, 2007, forty days after Fling Irrigation was served with the Applications and Orders, thirty-six days after Fling and Beck were so served, but only twenty-nine and twenty-eight days, respectively, after Fling Irrigation and Fling and Beck were served with the Complaint.

## REMOVAL UNDER 28 U.S.C. § 1446(b) AND *Murphy Brothers*

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Neither party has raised any concerns over whether this Court would have had original jurisdiction over this action.[1] Rather, the concern has been whether, under § 1446, notice of removal was made in a timely and procedurally correct fashion. Section 1446(a) states that

---

[1] Both parties seem to agree, at least for purposes of the present motion, that this Court would have had original jurisdiction under 28 U.S.C. § 1331 given Plaintiff's claims under the Fair Labor Standards Act of 1938.

2

defendants desiring to remove a civil action to federal court "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Section 1446(b) states that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Plaintiff argues that this action was incorrectly removed from North Carolina state court because (1) Defendants filed their Notice of Removal more than thirty days after they were formally served with the Applications and Orders,[2] and (2) Defendants failed to file a copy of all process, pleadings, and orders with which it had been served. The Court will address these arguments in turn, focusing primarily upon Plaintiff's first argument.

The United States Supreme Court had occasion to address § 1446(b) in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In Murphy Brothers, the Court addressed the issue of whether the thirty-day period under § 1446(b) may start before official summons, such as when defendant is given a "curtsey copy" of the complaint before it is actually filed. Id. at 347. On that issue, the Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347-48. In reaching its holding, the Court reviewed the legislative history of § 1446(b), noting that it was amended by Congress in 1949 because, "as first framed, [it]

---

[2]Plaintiff contends that an Application and Order served pursuant to North Carolina Rule of Civil Procedure 3(a) may constitute an "initial pleading" for purposes of § 1446(b).

In addition, Plaintiff argues that the Applications and Orders constituted "other paper from which it may first be ascertained that the case is one which is or has become removable" under the second paragraph of 28 U.S.C. § 1446(b). However, as Defendants have pointed out, this portion of § 1446(b) is inapplicable to the present situation.

did not 'give adequate time and operate uniformly' in all states." Id. at 351. The Court stated that Congress's revision of § 1446(b) was to "ensure that the defendant would have access to the complaint before commencement of the removal period." Id. The Court also made note of divergent state practices, including the policy of New York, in which the action may be commenced with the service of the summons only. The Court's summary of these divergent state practices and their effect on the thirty-day removal clock is worth stating in some detail. The Court stated:

> [T]he various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, <u>depending on when the complaint is received</u>. . . . [T]he possibilities are as follows. First, if the summons and complaint are served together, the 30-day period for removal runs at once. <u>Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint</u>. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

Id. at 354 (emphasis added). Thus, it appears as if the Supreme Court had the policies of states such as New York and North Carolina in mind and expressly stated that in such states, where summons precedes the complaint, the thirty-day clock will not begin until <u>after</u> defendant has been served with the complaint.

The forgoing reading of Murphy Brothers has been rejected by the United States Court of Appeals for the Second Circuit in Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2nd Cir. 2001), an opinion upon which Plaintiff relies heavily. In Whitaker, the court stated:

> The principal question we must answer is whether the Supreme Court's decision in Murphy Brothers requires a defendant's receipt of the complaint for triggering the removal period. We conclude that it does not . . . . The history and text of section

4

> 1446(b) clearly make the defendant's receipt of "the initial pleading" the relevant triggering event, which is any pleading (and not necessarily the complaint) containing sufficient information to enable the defendant to intelligently ascertain the basis for removal.

Id. at 198. The court stated that the Supreme Court in Murphy Brothers "did not discuss the term 'initial pleading' or decide that only a complaint can constitute the initial pleading under section 1446(b)" and that the Court's language describing the four possibilities involving divergent state practices was merely an "illustration" of its holding that formal service of process is necessary to start the thirty-day clock. Id. at 202 n.3. The court ultimately held that a summons with notice that "provides information from which a defendant can ascertain removability" may start the thirty-day removal period, whether or not the complaint has been served. Id. at 204.

A district court within the Eastern District of New York has gone even farther, stating that Murphy Brothers's four possibilities for divergent state practices do not apply at all to the instant issue. Brooklyn Hospital Center v. Diversified Information Technologies, Inc., 133 F. Supp. 2d 197, 203 (E.D.N.Y. 2001). In Brooklyn Hospital, the court stated:

> [The Supreme Court's] statement that, "if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint," does not refer to a summons with notice filed pursuant to New York law and is dictum that does not control the determination of the issue at bar. In light of the presumption against federal jurisdiction in the context of removal, I conclude that a summons with notice filed pursuant to New York law constitutes an initial pleading for purposes of § 1446(b) if it provides sufficient information for a defendant to ascertain intelligently the basis for removal.

Id. (emphasis added) (citations omitted). Thus, because the court construed the Supreme Court's statement as dictum, it did not feel compelled to follow it.

Whitaker and Brooklyn Hospital's interpretation of Murphy Brothers has, in turn, been

5

expressly rejected by the United States Court of Appeals for the Third Circuit in Sikirica v. Nationwide Insurance Company, 416 F.3d 214 (3rd Cir. 2005). In Sikirica, the court stated:

> A summons may not serve as an initial pleading under Murphy Bros. . . . . [T]he Supreme Court's use of the term "complaint" to mean "initial pleading" in Murphy Bros. was not merely an inadvertent accommodation of the facts. The Court, addressing the situation where a complaint is received after service of the summons, explicitly held that the time to remove is triggered by "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . ." If the Court had intended that a summons could be the initial pleading, its holding would not have distinguished between receipt of the complaint and service of the summons.

Id. at 222. The court also noted that Murphy Brothers addressed the legislative history behind § 1446(b) and concluded that Congress "amended the statute partly to provide for uniform operation across the nation." Id. at 223.

Neither the parties nor the Court have been able to uncover any case law from the United States Court of Appeals for the Fourth Circuit resolving this issue. However, Defendants have argued, and the Court has found nothing to suggest otherwise, that no Fourth Circuit case since Murphy Brothers has held that a summons with notice, but without a complaint, begins the thirty-day removal period.[3]

---

[3] Despite this paucity of Fourth Circuit case law, it may be significant that in cases since Murphy Brothers the Fourth Circuit has apparently used the words "initial pleading" and "complaint" as synonyms. See, e.g., Boss v. Nissan North America, Inc., Nos. 05-1414, 05-1442, 2007 WL 1482013, at *2 (4th Cir. May 22, 2007) ("A defendant has 30 days to file a notice of removal, starting from the date the defendant receives the complaint or from the date 'it may first be ascertained that the case is one which is or has become removable.'") (emphasis added); Gordon v. Hartford Fire Ins. Co., No. 03-2411, 2004 WL 1637637, at *3 (4th Cir. July 23, 2004) ("The time for removal begins when 'the defendant actually has received a copy of the complaint.'") (emphasis added).

Plaintiff relies upon Neal v. Flav-O-Rich, Inc., No. 2:05CV00679, 1996 WL 652759, at *1-2 (M.D.N.C. July 30, 1996) for the proposition that an Application and Order can serve as an
(continued...)

**DISCUSSION**

The Court is persuaded that the Third Circuit's interpretation of Murphy Brothers in Sikirica is correct, and the approaches taken by Whitaker and Brooklyn Hospital are misstatements of the Supreme Court's intent.

In Murphy Brothers, the Supreme Court explicitly addressed the situation in which the defendant is "served with the summons but the complaint is furnished . . . sometime after" and stated that in such a situation "the period for removal runs from the defendant's receipt of the complaint." Murphy Brothers, 526 U.S. at 354. While the Eastern District of New York in Brooklyn Hospital felt itself capable of describing this statement as mere dictum that does not control the present situation, the Court in this case feels no such liberty. First, the Court is not entirely convinced that the statement in question is dictum, in that it is directly tied to "[t]he interpretation of § 1446(b) adopted" by Murphy Brothers. Id. The fact that the language is now used for a similar but different purpose does not make it dictum if it is the High Court's definitive interpretation of § 1446(b). Second, even if the statement is dictum, the Court does not feel that it is free to disregard statements made by the High Court whenever it wishes. As Judge Shedd, now of the Fourth Circuit, has said, "It is self-evident that characterization of language in a judicial opinion as dictum does not mean that

---

[3](...continued)
"initial pleading" as long as it "'allow[s] the defendants intelligently to ascertain removability.'" (quoting Universal Motors Group v. Wilkerson, 674 F. Supp. 1108 (S.D.N.Y. 1987)). However, Flav-O-Rich was handed down three years before Murphy Brothers and therefore does little to advance the issue.

On the other hand, Woodruff v. Hartford Life Group Ins. Co., 378 F. Supp. 2d 546 (D. Md. 2005) was handed down after Murphy Brothers. In Woodruff, Judge Titus of the District of Maryland stated, "Although [§ 1446(b)] uses the term 'initial pleading,' rather than 'complaint,' the remainder of this clause is conspicuously similar to Federal Rule of Civil Procedure 8(a), which sets forth the requirements for a complaint filed in federal court." Id. at 550.

it is legally incorrect. Indeed, as a general principle, 'a federal district court is required to give great weight to the pronouncements of its [higher courts], even though those pronouncements appear by way of dictum." Branch ex rel. Branch v. Coca-Cola Bottling Co. Consol., 83 F. Supp. 2d 631, 634-35 (D.S.C. 2000) (quoting Max M. v. Thompson, 585 F. Supp. 317, 324 (N.D. Ill. 1984)). Judge Shedd went on to state that such dictum is "presumptively correct," only to be disregarded when the district court is convinced that it is "clearly incorrect." Id. at 635.[4] Therefore, either the statement is controlling on this Court, in which case it must be followed, or it is dictum, in which case it is presumptively correct or at least strongly persuasive.

Similarly, the reasoning of Whitaker does little to convince this Court that the Supreme Court did not mean what it said in Murphy Brothers. When the Supreme Court held that the time to remove is triggered either by simultaneous service of the summons and complaint or by receipt of the complaint "after and apart from service of the summons," it seems clear that in either case it is the complaint, not the summons, that triggers the time for removal. Murphy Brothers, 526 U.S. at 348. In addition, when the Court said, "if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint," it seems clear that it meant that the clock was to run from the receipt of the complaint, regardless of New York or North Carolina practice. Indeed, the approach taken in Whitaker and Brooklyn Hospital seems more concerned with finding a way to make New

---

[4]See also Gaylor v. United States, 74 F.3d 214, 217 (10th Cir. 1996) ("While these statements are dicta, this court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements."); Fouts v. Maryland Cas. Co., 30 F.2d 357, 359 (4th Cir. 1929) ("[C]ertainly dicta of the . . . Supreme Court should be very persuasive.").

York's practice of serving the complaint after the summons[5] fit within the framework of 28 U.S.C. § 1446(b) than with what appears to be the clear intent of the Supreme Court in Murphy Brothers.

Instead, the Court finds persuasive the Third Circuit's reasoning in Sikirica and agrees that the Supreme Court's use of the term "complaint" to mean "initial pleading" was not an inadvertent accommodation for the facts in Murphy Brothers, but rather an intentional construction. This Court does not feel itself free to disregard this construction because of potential inconvenience to North Carolina Rule of Civil Procedure 3(a). Congress's legislative history in amending § 1446(b) and the Supreme Court's holding in Murphy Brothers show concern for (1) ensuring that defendants have enough notice of a federal claim to make an intelligent decision regarding removal, and (2) establishing uniformity among the states concerning the period in which defendants may remove a case. Holding the removal clock until the complaint is served upon the defendant serves both of these goals.

Accordingly, the Court finds that the thirty-day time period of § 1446(b) did not commence for Fling Irrigation until November 5, 2007, and for Defendants Fling and Beck until November 6, 2007. According to the Fourth Circuit's well-established rule in McKinney v. Board of Trustees, 955 F.2d 924 (4th Cir. 1992), Defendant Fling Irrigation was free to join Defendants Fling and Beck in their removal petition, making the deadline for notice of removal December 6, 2007. Because Defendants filed their Notice of Removal on December 4, 2007, the Court hereby finds that their Notice of Removal was timely.

## ATTACHMENT OF PROCESS UNDER § 1446(a)

Defendants attached the Complaint and the Delayed Service of Complaint form to their

---

[5]See N.Y. C.P.L.R. § 305(a) (McKinney 2008)

Notice of Removal filed on December 4, 2007. However, Defendants did not attach seven other peices of process, includings the Applications and Orders and Summonses with which they had been served. (See Plaintiff's Mem. at 3-4, Doc. No. 5.) Plaintiff argues that this failure to attach all process served on Defendants requires the Court to remand this case to state court.

It is, of course, axiomatic that "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (holding that federal removal statutes are to be strictly construed). As previously stated, 28 U.S.C. § 1446(a) states that defendants desiring to remove a civil action to federal court "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Plaintiff seizes upon the weighty burden of defendants desiring removal, this Court's duty to strictly construe § 1446(a), and the mandatory "shall file" language of § 1446(a), arguing that Defendants' failure to attach all process in this case requires remand to North Carolina state court.

While there may be some case law to support Plaintiff's argument,[6] the majority approach is that the defect is merely procedural and that this particular procedural defect may be cured. See Riehl v. National Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir. 1967) ("[T]he omission [of the complaint] was but a minor irregularity of no consequence. The basic purpose of the § 1446(a) directive was neither frustrated nor unfulfilled. To permit this minor irregularity to defeat the District

---

[6]Plaintiff relies in part upon Kisor v. Collins, 338 F. Supp. 2d 1279 (N.D. Ala. 2004), which opined that failure to attach all process is an incurable jurisdictional defect, but ultimately stated that "provocative as though that question may be, [it] remains a question to be decided elsewhere." Id. at 1281.

Court's jurisdiction would be to elevate form over substance."); see also Covington v. Indemnity Ins. Co. of North America, 251 F.2d 930, 933 (5th Cir. 1958) (agreeing that "mere modal or procedural defects are not jurisdictional" and that failure to attach process according to § 1446(a) may be cured); Yellow Transp., Inc. v. Apex Digital, Inc., 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005) ("The predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'") (quoting 14C Charles Alan Wright et al., Federal Practice & Procedure § 3733, at 350-51 (3d ed. 1998)). Indeed, Plaintiff has already corrected the defect by attaching the missing documents as exhibits to its Motion to Remand (See Doc. Nos. 6-8.) The Court sees no reason why this "minor irregularity" should defeat Defendants' Notice of Removal and believes that to remand for this reason alone, when the parties and the Court now have all the pertinent filings, would indeed "elevate form over substance." Riehl, 374 F.2d at 742. Therefore, the Court finds that "[t]he failure was inadvertent and trivial . . . [,] did not unduly burden the court or reflect the complete failure to follow the removal procedure[, and] plaintiff has suffered absolutely no prejudice whatsoever from the defect." Yellow Transp., 406 F. Supp. 2d at 1219.

Accordingly, in alignment with the majority view given the lack of Fourth Circuit precedent, the Court finds that remand based upon this procedural defect would be inappropriate.

**CONCLUSION**

The Court agrees with the Third Circuit's reasoning in Sikirica and finds that under the Supreme Court's opinion in Murphy Brothers, the thirty-day period in § 1446(b) did not begin to run until Defendants were served with Plaintiff's Complaint. Thus, Defendants' Notice of Removal was not untimely. In addition, Defendants' failure to attach certain process to their Notice of Removal

11

was a minor procedural defect which has been cured. The Court therefore declines to remand this case based upon § 1446(a).

Based on the foregoing, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.                                   Signed: February 25, 2008

Frank D. Whitney
United States District Judge