# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:07-cv-00509-FDW**

| | |
|---|---|
| BRADFORD A. RIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FLING IRRIGATION, INC., MICHAEL ) | |
| D. FLING, and CHRISTOPHER M. ) | |
| BECK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Plaintiff's Motion for Certificate of Appealability pursuant to 28 U.S.C. § 1292(b) (Doc. No. 13). Plaintiff's Motion is DENIED.

On February 25, 2008, the Court entered an Order denying Plaintiff's Motion to Remand this case to North Carolina state court (Doc. No. 11). In that Order, the Court noted that there was a split in authority, on both the Court of Appeals and District Court level, concerning the interpretation of Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). According to 28 U.S.C. § 1292(b), a district court may allow for the appeal of an otherwise not appealable order when the court is "of the opinion that such order [1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." Because the Court does not find that all three factors are satisfied, the Court declines to certify interlocutory appeal.[1]

---

[1] The Court notes that under 28 U.S.C. § 1292(b), this denial is well within its discretion. See Raynovich v. Brown, No. 89-8109, 1990 WL 128293, at *1 (4th Cir. September 10, 1990);

There is no question that the two issues addressed in the Court's Order are controlling on the forum of this case. Therefore, the first factor is satisfied without controversy. The second factor, however, is less clear. There may be grounds for a difference of opinion, given the fact that the United States Court of Appeal for the Second Circuit and the Eastern District of New York have disagreed with the reasoning adopted by this Court. See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001); Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc., 133 F. Supp. 2d 197 (E.D.N.Y. 2001). However, the Court is of the opinion, as stated in its Order, that the United States Supreme Court clearly stated its interpretation of 28 U.S.C. § 1446(b) in Murphy Brothers, which interpretation was followed by the United States Court of Appeals for the Third Circuit in Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3rd Cir. 2005) and ignored by Whitaker and Brooklyn Hosp. Thus, although there may be academic grounds for difference, the Court believes that this is an area in which the High Court has already spoken. Finally, the Court is not of the opinion that immediate appeal would materially advance the termination of the litigation. If anything, the Court believes that interlocutory appeal would delay an ultimate disposition of the case to the detriment of the parties and the judicial system.

The Court is of the same opinion regarding the second issue addressed in its Order, namely the attachment of process under 28 U.S.C. § 1446(a). The Court clearly expressed the fact that its action was in accordance with the greater weight of authority on this issue. The fact that the United States Court of Appeals for the Fourth Circuit has not addressed the issue does not mean that there is a substantial ground for difference of opinion. In addition, the Court once again feels that

---

In re Master Key Antitrust Litigation, 528 F.2d 5, 8 (2nd Cir. 1975) ("[A district court's] refusal to certify the interlocutory appeal of his rulings is, of course, not appealable . . . ."); Pfizer, Inc. v. Lord, 522 F.2d 612, 614 (8th Cir. 1975) ("[A court of appeals] is without jurisdiction to review an exercise of the district court's discretion in refusing such certification.").

interlocutory appeal would delay, rather than advance, the ultimate termination of the litigation.

Accordingly, because the Court is not of the opinion that the three factors within § 1292(b) are satisfied as to either issue, Plaintiff's Motion for Certificate of Appealability is DENIED.

IT IS SO ORDERED.  Signed: March 11, 2008

Frank D. Whitney
United States District Judge