# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00509-W

| | |
|---|---|
| BRADFORD A. RIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FLING IRRIGATION, INC., MICHAEL D. ) | |
| FLING, and CHRISTOPHER M. BECK, ) | |
| ) | |
| Defendants. ) | |

THE MATTER is before the Court on the parties' Joint Motion to Stay Action Pending Completion of EEOC Process (Doc. No. 18).

As an initial matter, the Court notes that the instant motion was not filed until July 17, 2008, which, according to the motion, was almost six months to the day after Plaintiff's filing of a Charge of Discrimination with the EEOC. Counsel for all parties acknowledge that in their experience with the EEOC, it is "not unusual for investigations to span a year and beyond." (Doc. No. 19, ¶ 5). Thus, all attorneys were well aware at the time of the EEOC claim filing in January *and* when the scheduling order was entered in late February, that a significant period of additional time might be necessary in order for the EEOC to complete its investigation so that Plaintiff might amend its complaint to add any claims relevant thereto. Nevertheless, counsel for both parties did not file the instant motion as soon as practicable, but instead delayed filing it until a month before the mediation deadline and two months prior to the discovery deadline. In the Court's opinion, this delay was unnecessary and is fatal to the instant motion. Had the parties filed the motion to stay back in January when the EEOC claim was filed or at least shortly after entry of the Court's Pretrial Order

and Case Management Plan in late February, staying the case at that time would have been more likely to promote judicial economy and efficiency. A stay at this juncture, however, would bring the case to an abrupt halt because the parties are in the midst of discovery and mediation. Moreover, based on counsels' and the EEOC's uncertainty as to the potential completion date for the EEOC investigation, the Court finds that it would not be in the interests of justice to delay this matter indefinitely at this late stage of the case.

Finally, the Court has reviewed the Amended Complaint and determines that the claims asserted therein can be fully resolved on their merits without completion of the EEOC investigation. Although the EEOC investigation may involve facts somewhat related to the claims set forth in the Complaint, the correlation is tenuous at best and does not warrant a stay in this action.

IT IS, THEREFORE, ORDERED that the parties' Joint Motion to Stay (Doc. No. 18) is DENIED.

IT IS SO ORDERED.

Signed: August 4, 2008

Frank D. Whitney
United States District Judge